Case No. 21-7125 Larry Elliott Klayman, individually, at balance, v. Thomas J. Fitton, individually, at out. Mr. Klayman, for the at balance. Mr. Driscoll, for the at police. Good morning, Your Honors. I asked for leave to remove my mask. I took a test on Friday. I traveled here over the weekend, and I did not get the result until yesterday, and I'm negative. And you're negative? Yes. All right. Thank you very much. May it please the Court. Pleasure to appear in front of you, all three. This is a case involving defamation. The statement at issue is that he, Klayman, yours truly, was ousted at judicial watch, asked Tom Fitton why he left. He left because of a sexual harassment complaint. This was allegedly published as part of the complaint by Tom Fitton of judicial watch for Roger Stone, who then republished it on InfoWars. The law is clear that it's sufficient to just have one publication to one person. Here we had two. In fact, the law of defamation in the district says it simply must be published to a third party as competitive, enter institute versus man, 180 Atlantic Third, 1213, 1240 D.C., 2016, as well as the restatement of torts. It is enough that it is communicated to a single individual other than the one defamed. Here you have two publications here. We also alleged in the complaint that there was a surrogate publication. Stone was publishing it on behalf of Fitton. What's the basis for your allegation that Fitton was the source of Stone's statement? It says this was the publication asked Tom Fitton. Obviously, he got it from Tom Fitton. How do we know that? This is about the circumstances in which under which you left judicial watch. And that had been the subject of a very public trial that had been ongoing for a decade. So it has never been proven that I sexually harassed the office manager. I categorically deny that. The bottom line here, Your Honor, is if it's plausible, it must proceed under the law. I deny that you physically assaulted your wife. This has nothing to do with this case, and I do deny that vehemently. I deny it vehemently. The jury found otherwise in the case. The jury never made such a finding, Your Honor. The jury never made such a finding. One of the problems that we've had here, this is a third. Why did the jury then award Judicial Watch two point some million dollars against you? That's still being challenged, Your Honor. But the fact is, is that there was prejudice because that came in. It never should have come in. I left voluntarily. There was a severance agreement that said I left voluntarily. I was praised. Parole evidence rule should never have allowed it. The point is, the point here is that, and I think this is what Judge Cassis was asking you about, is that this was spread all over the newspaper a year before Roger Stone made the statement you're complaining about. All this information, the jury verdict, the evidence that came in and so on. So it seems to me that your submission that the only way that Stone could have known this is from Fenton is belied by the fact that it was a public trial. First of all, Your Honor, you're getting way beyond this case. You have been prejudiced yourself here from third parties and other sources. I'm not saying you're a prejudiced person, but you've been prejudiced. There's no claim of race judicata here. Why have I been prejudiced? You're making an accusation. Back it up. I'm not saying that you have been prejudiced as a person. I'm saying that the things that you have been out in the alleged media wasn't even out in the media, Your Honor. You have to go back and look at that. You think because I read an opinion of our court that that prejudiced me? The opinion did not say that. It did not say that, Your Honor. It's never been found that I sexually harassed an office manager. Don't interrupt me when I'm trying to interrupt you. Why have equal rights? The opinion said that the big issue before the jury was whether you left Judicial Watch voluntarily. The opinion said that. The opinion did not say anything about sexually harassing the office manager. Your Honor, I ask respectfully that you go back and read that. It did not say that in any event. Well, neither did Roger Stone. I'm entitled to plead in my complaint, to make a claim in my complaint. There's no defense of race judicata, collateral estoppel, or anything under Twombly as long as it's plausible the matter has to proceed. And here's what Twombly said. The complaint must contain enough factual matter taken as true to suggest this is dealing with an agent agreement in restraint of trade and antitrust case. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage. It simply calls for enough facts to raise a reasonable expectation that discovery will provide evidence of an illegal agreement. You must only plead enough to cause a right of relief above the speculative level. Given the defendant's fair notice of what the claim was is the grounds upon which it rests. It only must be plausible, Your Honor. Plaintiffs need not allege specific facts. The facts alleged must be accepted as true, as the facts need only give defendant fair notice of what the claim and the grounds upon which it rests. Erickson v. Parsons, 551 U.S. 8993. And then Twombly adds, going back to Twombly, a well-pledged complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely. We pledged. I pledged what needed to be pledged, Your Honor. And I don't mean any disrespect to you, but what has occurred here over the years, and I have a defamation judgment against Judicial Watch going back to Miami in 2014, has prejudiced me. I'm not saying you're a prejudiced person. Not at all. I've had issues with judges in this courtroom, particularly Judge Capelli. And I sometimes get the impression that the judges in this court have circled away. There was no such finding that I sexually harassed the office manager. Even Judicial Watch didn't make that at that trial. There was no finding that I in any way abused my wife. I'm desirous of equal rights here. There's no finding to that effect. And I pled what needed to be pled in this complaint. The complaint must proceed. You're here with an oath of office to follow the law. The law does not enter into what you may think a jury found in another case because there's no such jury finding. There are no specific jury interrogatories. And if you want to get back into that case, I don't even know what was given to the jury in terms of the written instructions. But there's no such finding there. I categorically deny that. I'm entitled to equal rights here, Your Honor. And the fact that I've been smeared here and there's another here. There's another here. The entire subject came up because you said that the only way that Roger Stone could have possibly come up with the idea that you left Judicial Watch, you were ousted. The only way that he could possibly have known that is through Mr. Fitton. But the relevance of the prior decision in this court and the jury trial was that there was another way. Because your earlier trial, that was the issue according to the opinion. I wasn't trying that, Your Honor. That wasn't an allegation in the case. It was brought in trial. Judge Catelli let it in out of the blue. It was prejudicial. And even the statement that came in wasn't that I had sexually harassed the office manager. That was not the statement that came in. And if you're looking at the actual publication here, Mr. Fitton was ousted at Judicial Watch. Ask Tom Fitton. It's more than plausible that Fitton said that to Stone. And that's enough for a defamation case. You are bound under Rule 9 and 8 to allow this to proceed, and you're bound under Twomey. You don't get to decide a case before it goes to discovery and goes to a jury. You don't get to do that. That's not a judge's role. And I'm sorry if I'm being emphatic, but this is exactly what's been happening in a lot of different cases, not just with regard to me, but every judge is taking cases away from discovery and from jury, them making a decision which the Constitution gives a party a right to at least plead in a complaint and take discovery. And I would like to get into telephone records. I want to talk to other people here as to what was said. I have a right to do that. That's my constitutional right. And I'm sorry if I'm upset, but, frankly, you know, to rule otherwise is a severe injustice. Judge Rogers, any questions? No. Thank you. Anything else? No. Thank you. Mr. Driscoll, we'll hear from you. Good morning, Your Honors. May it please the Court, Rich Driscoll on behalf of the appellees, Thomas Fitton, James Peterson, Paul Orfanides, and Christopher Farrell. Neither party before the Court this morning is arguing for a change in the law. The issue before the Court is whether the law was properly applied in the lower court. I think the Court needs only look at page 9 of the joint appendix in paragraph 12 to read the allegation regarding who made the alleged defamatory statement, which reads, On information and belief, the defamatory statement alleged herein were made by Defendant Peterson and or Defendant Fitton at the direction of or directly by the other direction, the other defendants, to Stone. Twombly and Iqbal didn't eliminate pleading on information and belief, right? No, sir, they said not. So why isn't, for that kind of allegation, why isn't it enough for him just to say, On information and belief, Fitton made the statement? Under the law of this jurisdiction, and I believe the case of Franklin v. Pepto Holdings, the standard of allegation for establishing a defamatory statement is that the plaintiff must allege the time, the place, the content, the speaker, and the listener. And here, that may have been done with regard to the statement made by Roger Stone, but it is not done with regard to any of the defendants. And in fact, this Court agreed that at least with regard to Appellants Peterson, Orfanides, and Farrell, that that is correct. There was no allegation. And in the complaint, the only distinction between the allegations against those three defendants and Appellant Fitton is the allegation, Ask Tom Fitton. So the question then becomes, does the phrase, Ask Tom Fitton, push this case over the line from a possible claim to a plausible claim under Twombly and Iqbal? I understand your argument that that inference is not a plausible one. I guess I'm asking whether you even need to make that inference. I mean, suppose you were suing Mr. Clayman and you alleged that he's a resident of Florida and you don't say anything more. And he says, well, what's your basis? What's your basis for saying that? And your position would be you don't need any more. It's just a historic fact, and you allege it. And why isn't that? I mean, inferring a conspiracy, an antitrust conspiracy, which is Twombly, or inferring discrimination, which is Iqbal, seem a little bit different from just a historic fact that A made a statement to B. Under the law of defamation in the District of Columbia, a blanket statement of A said this to B without more is insufficient, inadequate, and does not reach the level of plausibility. It's a possibility, but it's not plausible. Because what you must know is who said the statement. OK, so let's assume he doesn't know exactly who said the statement. Let's assume it's one of the four appellees. How does he know it's one of the four appellees? In the complaint, there's not even an allegation with regard to three of the appellees. And the only specific factual allegation in the complaint is that Roger Stone said, ask Tom Fitton. Other than that, the complaint is completely rife with conclusions, not facts, conclusions. To say that the defendants acted in concert is a descriptive conclusion. It's not a fact. So you can't allege that without an underlying event, a fact, or an occurrence to support it. And here, the appellees are emphasizing that the complaint lacks those predicate facts on which to build the summary allegation that a defamatory statement was made. Here, we're dealing with pure speculation based on a historical animosity by Mr. Klayman against Mr. Fitton and others at Judicial Law. When you look at the complaint and you read each paragraph through, the complaint really boils down to Roger Stone said that. And the only way he could know how to say that is if Tom Fitton told him. And even that predicate argument fails because Tom Fitton has admitted under oath in a deposition that that's not the reason Larry Klayman was forced out of Judicial Law. And Mr. Klayman filed this same lawsuit in the Southern District of Florida. And it was dismissed by Judge Martinez, who found, we've quoted the language in our brief, Judge Martinez found that there was no tortious or wrongful conduct in Florida. And the law of Florida, the long-arm jurisdiction law of Florida can encompass both an act in Florida or an act outside of Florida directed at Florida. So at least with regard to Florida, we know based on Judge Martinez's argument that there is no wrongful conduct here. But in order to reach that point, Mr. Klayman was allowed to depose Tom Fitton for two hours and ask these questions of him. He's not here before the court without having had an opportunity for discovery. He's deposed Roger Stone. He's deposed Thomas Fitton. He has nothing. And there's no reason why he should be given another opportunity to harass the defendants in this case. And that's the position that we argued in the lower court. And it was accepted by Judge Chodkin. And we believe that Judge Chodkin's decision is correct and should be affirmed. Okay. Judge Rogers? Thank you. Thank you. Okay. Thank you. Your Honor, the law is clear that you just have to have a plausible claim. And when someone says, ask Tom Fitton, it's plausible. A specific date is likely in and about the time that Roger Stone republished the event. But even that is not required in terms of the eventual pleading. And you can look at the cases that state that. And this is a case coming out of the Western District of Texas, for instance. Even though the allegations relating to the defamation claim do not specify when these alleged statements were made or with regards to the letters to patients to whom they were specifically made. Also, you can look to the case of Cantu, C-A-N-T-U v. Guerra, 2021 U.S. C-I District, Lexus, 119681, 42-43, also Western District of Texas. We pled all that needed to be pled here, Your Honor. And we also stated, yes, the defendants made these statements. And we pointed out that Fitton was the one who was, in fact, angered, for lack of a better word, by Roger Stone for having made it. And that's enough to go forward. In terms of discovery, you know, this was a misstatement by Mr. Driscoll, regrettably, is that the case was dismissed in Florida on personal jurisdiction. The judge never got to the merits. And to have Fitton simply deny it, that's not discovery. I get to take a look at telephone records. I get to talk to other people. I get to see text messages and other things like that. Obviously, people are going to deny things. So that's not demonstrative. So, Your Honor, we ask that you allow the case to proceed forward respectfully to everybody, including Judge Randolph. You are required to do that under TWAMI. Thank you.  The case is submitted.
judges: Katsas, Randolph, Rogers